822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald L. HENDRICKS, Plaintiff-Appellee,
v.
Gerald F. MILLER, Defendant-Appellant.
 No. 85-1818
 United States Court of Appeals, Sixth Circuit.
 July 13, 1987.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Gerald F. Miller, President of the Village of Merrill, Michigan, appeals from an order of the United States District Court for the Eastern District of Michigan entered October 3, 1985. According to that order, it denied a motion for summary judgment by defendant Miller that was heard on September 26, 1985. The district judge's order was 'for reasons stated on the record at the hearing.' No copy of the motion was included in the record on appeal, but we do have a transcript of the hearing on September 26, 1985. While defendant asserts in his brief on appeal that his motion raised the defense of qualified immunity which would normally entitle him to perfect an immediate appeal from the denial thereof, see Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), a review of the transcript of the hearing on September 26 fails to indicate that defendant argued orally to the trial judge the question of qualified immunity, his arguments instead going solely to the question of whether as a matter of law any constitutionally protected right of the plaintiff had been violated. For his part, the trial judge denied the motion expressly because the defendant had failed to allege any new grounds or new evidence in support of his motion for summary judgment which had not already been presented earlier and had been decided adversely to defendant Miller.
 
 
 2
 An earlier motion for summary judgment by Miller had been heard on November 29, 1984 and had been denied by the trial court, as to Miller at least, by an order entered November 30, 1984. No appeal was taken from that order. Once again we are not favored with a copy of the motion for summary judgment but we do have a transcript of the hearing of November 29, 1984. From the statements made on the record by both parties, including counsel for the appellant Miller, it does appear at that time that Miller was then asserting a defense of qualified immunity: 'MR. JERSEVICE (sic) . . . However, we're stating he is also immune due to qualified immunity and the fact that the lack of state remedies has not been plead under [Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983)].'
 
 
 3
 The circumstances giving rise to this dispute may be stated briefly. Plaintiff Gerald L. Hendricks joined the Village of Merrill police force in 1977. In 1981 he filed a petition in the Michigan Employment Relations Commission (MERC) for certification of an election of a police officers union. The Village objected to the police chief being in the same bargaining unit as a patrolman and in July 1981 the parties stipulated that Hendricks was the police chief and that the bargaining unit comprised the patrolman alone. Hendricks subsequently denied that he was a police chief.
 
 
 4
 Meanwhile in May 1981 defendant Miller, as President of the Village of Merrill, informed Hendricks that he was not a resident of the Village and that under state law he had to become a resident in order to remain police chief. The parties do not seem to dispute that if Hendricks was chief of police, Miller was probably correct in his interpretation of state law. See Mich. Stat. Ann. Sec. 5.1225. Hendricks apparently avoided a change of residence and in August 1981 he was dismissed from the police force by defendant Miller ostensibly for not establishing his residence in the Village of Merrill. Hendricks filed an unfair labor claim with the MERC and, when he lost, brought suit against the Village of Merrill and against Village President Miller claiming that his discharge was in retaliation for his union activity in violation of his rights under the First Amendment. He also alleged that Miller violated his Fourteenth Amendment right to equal protection by applying the residency requirement to him while not applying it to at least one other Village official who he claimed was obligated by law to reside in the Village but whom Miller did not compel to do so.
 
 
 5
 As we indicated earlier, denial of a summary judgment motion based on qualified immunity is immediately appealable under Mitchell v. Forsyth, supra. However, appeals from the denial of qualified immunity claims are subject to 'the same temporal limitations that are applicable generally to the perfection of appeals. Thus if the order is appealable at all, it must be appealed within the time set by law . . . or the right must be considered to have been waived.' Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir. 1986).
 
 
 6
 Assuming from the sparse record we are furnished by counsel that a qualified defense immunity was asserted, the only hard evidence we have of the fact is that it was asserted in the motion denied on November 30, 1984, and an appealable order was docketed in the court on that same date. The defendant therefore had a right to appeal as of right on the immunity question within thirty days of the date of entry of that order, under Kennedy. He did not do so. We find in the record no indication that any time-tolling motions were filed which would enlarge that time.
 
 
 7
 In Kennedy we further discussed whether a motion can be renewed after having been earlier denied and whether such denial can be made the object of a new and independent appeal:
 
 
 8
 Certainly review of such motions seems to us to be a matter best left to the sound discretion of the trial judge who is charged with the responsibility of managing his docket and ensuring an expeditious processing of the litigation. Where as here, no new facts or previously unavailable legal arguments were offered and no good cause has been shown to excuse the inordinate delay, it was not an abuse of discretion for the trial judge to have denied the motions.
 
 
 9
 Id. at 306. In the present case the trial court made it clear that he considered that defendant had not raised anything new either in law or in facts which warranted a departure from his earlier consideration and decision in 1984.
 
 
 10
 The principles of timely action in order to protect the right to appeal before final judgment have long been established. In a carefully considered per curiam opinion, another panel of our court in Kerr Chemical Co. v. Crandall Associate, Inc., 815 F.2d 426 (6th Cir. 1987), held that although 28 U.S.C. Sec. 1292(a)(1) provides an absolute right of direct appeal from a grant or denial of a preliminary injunction, the failure to take such timely appeal would preclude a subsequent appeal from an unwarranted successive motion. The court therefore held it was without jurisdiction and directed dismissal of an appeal from a district court order which denied the third of three successive motions for preliminary injunctions where all had been based upon the same grounds and the prior two had been denied. The panel in Kerr observed:
 
 
 11
 Parties should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief, secure in the knowledge that they can take an interlocutory apeal when it becomes apparent they cannot win the war of attrition. The proper pretrial procedure is that when a ruling is made on a motion for a preliminary injunction, an aggrieved party must either file a timely interlocutory appeal or request reconsideration on the basis of changed or otherwise unforeseen and unforeseeable circumstances.
 
 
 12
 The procedures outlined in Mitchell and Kennedy provide an opportunity to protect the very legitimate interests of public officers to seek an early and inexpensive termination of unwarranted action brought against them seeking to impose upon them the burden of personal financial liability in damages. Such appeals, as all appeals, must, however, be timely perfected.
 
 
 13
 In conclusion, no timely appeal was made from the district court's order denying the motion to dismiss on the basis of qualified immunity and no time-tolling motions were taken to enlarge the statutory time in which an appeal could be taken from that order. The sole question before us is whether it was an abuse of discretion for the trial court to have declined to reopen and reconsider that issue in the absence of any new or further arguments, or, for that matter, of any arguments at all going to the question of immunity. Because we are unable to conclude that the trial judge abused his discretion in refusing to reopen the matter, the appeal is DISMISSED for lack of jurisdiction.